## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

HUMANE SOCIETY LEGISLATIVE FUND,
KEEP MICHIGAN WOLVES PROTECTED,
CITIZENS IN CHARGE,
PUT THE CITIZENS IN CHARGE, and
SHERRI FERRELL,

                    Plaintiffs,

v.

RUTH JOHNSON, in her official capacity
as Secretary of State, COLLEEN PERO, in
her official capacity as Chair of the Board of
State Canvassers, and BILL SCHUETTE, in
his official capacity as Attorney General,

                    Defendants.

_____/

## COMPLAINT

    Plaintiffs Humane Society Legislative Fund ("HSLF"), Keep Michigan Wolves Protected ("KMWP"), Citizens in Charge ("CIC"), Put the Citizens in Charge, and Sherri Ferrell, through counsel, state as follows for their Complaint against Defendants Ruth Johnson, Colleen Pero and Bill Schuette:

### Introductory Statement

    1.    Circulating petitions for ballot access is core political speech where First Amendment protection is said to be "at its zenith."

1

2.      Accordingly, laws that impose state residency requirements for petition circulators have been struck down as unconstitutional all over the country—namely by the federal appeals courts for the Fourth, Sixth, Ninth and Tenth Circuits, and by federal district courts in Colorado, Idaho, Nebraska, Ohio and Virginia.

3.      Despite this broad national consensus that such laws are unconstitutional, Michigan adheres to a state residency requirement for petition circulators.

4.       This lawsuit is brought to challenge Michigan's unconstitutional restriction on petition circulators.  Plaintiffs are organizations that support ballot initiatives in Michigan and wish to rely on non-resident petition circulators, and an out-of-state resident who wishes to circulate petitions in Michigan.  They seek a declaratory judgment that Michigan's state residency requirement for petition circulators is unconstitutional, and an injunction against its enforcement.

### Parties

5.      HSLF is a 501(c)(4) organization with its principal place of business located in Washington, D.C.

6.      HSLF was formed in 2004 for the purpose of helping pass animal protection laws at the state and federal levels, to educate the public about animal protection issues, and to support humane candidates for office.

7.     HSLF is a membership organization that has members throughout the country, including Michigan.   HSLF members care about animal protection legislation and anti-cruelty measures and assist HSLF in passing such legislation in several ways: members contribute financially to HSLF, members contact elected state and federal officials to help lobby on important animal protection measures, and they help gather signatures to initiate animal protection measures or seek referenda on legislation that is harmful to animal welfare.

8.     KMWP is a ballot question committee as defined by MICH. COMP. L. § 169.202(3).  It acts in support of the qualification and passage of a referendum on Public Act 21 of 2013.

9.     CIC is a 501(c)(4) organization with its principal place of business located in Virginia that advocates for protecting and expanding the initiative and referendum process.

10.    Put the Citizens in Charge is a ballot question committee as defined by MICH. COMP. L. § 169.202(3).  It acts in support of the qualification and passage of an initiative to amend article II, section 9 of the Michigan Constitution.

11.    Sherri Ferrell is a Florida resident who works across the country as a professional signature gatherer.

12.    Defendant Ruth Johnson is the Secretary of State for the State of Michigan and, as such, Michigan's chief election officer.   MICH. COMP. L. §

168.21.   In that role, Johnson prescribes petition forms and publishes documents setting forth the requirements for petition circulators.

13.   Defendant Colleen Pero is the Chair of the Board of State Canvassers for the State of Michigan, which determines the sufficiency of petitions, including whether to count signatures that appear on the petitions.

14.   Defendant Bill Schuette is the Attorney General for the State of Michigan. In his role as attorney general, Schuette oversees the department that prosecutes violations of the election code, and he would be responsible for prosecuting, or supervising the prosecution of, individuals who violate the requirements for petition circulators.

## Jurisdiction and Venue

15.   Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343.

16.   Venue is proper pursuant to 28 U.S.C. § 1391(b).

## Initiative Petitions in Michigan

17.   In Michigan, citizens may spearhead policy change by placing initiatives, constitutional amendments, and referenda (collectively, "initiatives") on the ballot for a direct vote by the electorate.  *See* Mich. Const. art. II § 9, art. XII § 2.

18.   To place an initiative on the ballot, its proponents must first collect a minimum number of registered voters' signatures on a petition.

19.     A petition is then filed with the Secretary of State, who transmits it to the Board of State Canvassers for the State of Michigan.  MICH. COMP. L. §§ 168.471, 168.472, 168.475.

20.     The Board of State Canvassers then "canvasses" the petition to determine the sufficiency of the petition.  MICH. COMP. L. § 168.476.  As part of this process, the board may hold hearings, issue subpoenas and administer oaths. MICH. COMP. L. § 168.476(2).

21.     The Board of State Canvassers then makes an official declaration as to the sufficiency of the petition.  MICH. COMP. L. § 168.477.

22.     Michigan election law requires that the bottom of each page of a petition be signed by a petition circulator who witnessed the signatures on that page.  MICH. COMP. L. § 168.544c(1), (4).

23.     The certificate of circulator that appears at the bottom of each page of the petition requires the circulator to assert that he or she is qualified to circulate the petition.  MICH. COMP. L. § 168.544c(1).

24.     To be qualified to circulate an initiative petition, circulators must be qualified to be a registered Michigan voter.  MICH. COMP. L. § 168.544c(3).  Only Michigan residents can register to vote in Michigan.  MICH. COMP. L. § 168.492. Therefore, MICH. COMP. L. § 168.544c(3) operates as a strict in-state residency requirement for initiative petition circulators.

25.     The certificate of circulator also requires the circulator to print and sign and date his or her name, identify the city or township where he or she is qualified to be registered to vote, and provide his or her complete residence address.  MICH. COMP. L. § 168.544c(1).

26.     If the certificate is not signed and dated by the circulator, the voter signatures on that page do not count toward the total number of signatures required to place the initiative on the ballot.  MICH. COMP. L. § 168.544c(4).

27.     If the circulator signs the certificate knowing it to be false, he or she is guilty of a misdemeanor.  MICH. COMP. L. § 168.544c(7)-(8).

28.     A sponsoring organization that files a petition sheet knowing it contains a false statement likewise faces fines and disqualification from future petition drives.  MICH. COMP. L. § 168.544c(10)-(11).  Anyone who aids or abets a violation regarding the signing or circulation of petitions is guilty of the violation. MICH. COMP. L. § 168.544c(13).

### Plaintiffs' Petitions

29.     HSLF is a principal supporter of a referendum on Public Act 21 of 2013, which allows the Natural Resources Commission to designate animals as game species to be hunted in Michigan.  Following the passage of Public Act 21of 2013, the Natural Resources Commission designated wolves as a game species.  If the referendum is successful, then Public Act 21 of 2013 will not become law and

the Natural Resources Commission's authority to allow another wolf hunt will be revoked.

30.    KMWP is the official ballot question committee for the referendum on Public Act 21 of 2013.  Even though KMWP is based in Michigan, many people who do not live in Michigan but care about wolves and oppose a wolf hunt contributed financially to the campaign.   Furthermore, many out-of-state supporters of KMWP have offered to come to Michigan to help gather signatures.

31.    In order to obtain ballot access for the referendum on Public Act 21 of 2013, HSLF, KMWP, and other supporters of the referendum will need to collect 161,305 valid petition signatures.

32.    HSLF and KMWP intend to collect signatures throughout Michigan, including within the Eastern District of Michigan.

33.    To collect these signatures, HSLF and KMWP wish to rely on volunteers from both within Michigan and from outside Michigan.

34.    HSLF is a nationwide membership organization with volunteers throughout the country who oppose the hunting of wolves.  Were it not for Michigan's state residency requirement for petition circulators, HSLF members who do not reside in Michigan would volunteer to come to Michigan to collect petition signatures for the referendum on Public Act 21 of 2013.

35.   CIC is a principal supporter of and organizer for an initiative to amend article II, section 9 of the Michigan Constitution to make it easier to place referenda on the ballot.

36.   Put the Citizens in Charge is the official ballot question committee for the initiative to amend article II, section 9 of the Michigan Constitution.

37.   In order to obtain ballot access for the initiative to amend article II, section 9 of the Michigan Constitution, CIC, Put the Citizens in Charge, and other supporters of the initiative will need to collect 322,609 valid petition signatures.

38.   CIC and Put the Citizens in Charge intend to collect signatures throughout Michigan, including within the Eastern District of Michigan.

39.   To collect these signatures, CIC and Put the Citizens in Charge wish to hire circulators from both within Michigan and from outside Michigan.

40.   Were it not for Michigan's state residency requirement for petition circulators, CIC and Put the Citizens in Charge would hire professional circulators who do not reside in Michigan to collect petition signatures for the initiative to amend article II, section 9 of the Michigan Constitution.

41.   Sherri Ferrell is a professional petition circulator.  She is paid by candidates and committees seeking ballot access to collect petition signatures.

42.   Although Ferrell works in states across the country, she cannot be hired to circulate petitions in Michigan.  Were it not for Michigan's state residency

8

requirement for petition circulators, Ferrell would seek business in Michigan and would collect petition signatures.

**Burdens on Plaintiffs' Political Speech and Interstate Commerce**

43.   Michigan's state residency requirement for petition circulators significantly reduces the pool of circulators available to collect signatures for the referendum on Public Act 21 of 2013 and the initiative to amend article II, section 9 of the Michigan Constitution, thereby severely limiting the abilities of HSLF, KMWP, CIC, and Put the Citizens in Charge to disseminate their political views, to choose the most effective means of conveying their message, to associate in a meaningful way with those who would solicit petition signatures from Michigan voters, and to gain access to the ballot.

44.   Michigan's state residency requirement for petition circulators severely restricts the abilities of non-Michigan-residents – including volunteer members of HSLF and Sherri Ferrell – to engage in core political speech in Michigan and to associate with the organizations and Michigan residents who support the initiatives identified above.

45.   Michigan's state residency requirement for petition circulators reduces the quantity and quality of individuals who are legally permitted to circulate initiative petitions in Michigan, thereby diminishing the political speech

available to the voters of Michigan and restricting Michigan voters' ability to receive information and to participate in the marketplace of ideas.

46.     The severe restrictions on core political speech and association caused by Michigan's state residency requirement are not narrowly tailored to serve a compelling state interest or otherwise justified by a sufficient state interest.

47.     Michigan's state residency requirement for petition circulators discriminates against out-of-state professional petition circulators on its face, discriminates against interstate commerce to favor in-state economic interests of professional petition circulators over the economic interests of out-of-state professional petition circulators, and disadvantages Ferrell's ability to compete with professional petition circulators in Michigan even though professional petition circulators from Michigan can compete with Ferrell in states that do not have residency requirements.

48.     Because in-state professional petition circulators can compete against out-of-state professional petition circulators in other states, but out-of-state professional petition circulators cannot compete with Michigan-based professional petition circulators in Michigan, Michigan's state residency requirement for petition circulators gives its local professional petition circulators an unfair advantage over out-of-state professional petition circulators in other states. Therefore, Michigan's state residency requirement for petition circulators has the

practical effect of controlling and negatively impacting interstate commerce occurring outside of Michigan.

49.    The burdens imposed on interstate commerce by Michigan's state residency requirement for petition circulators outweigh any benefits achieved by the requirement.

## Count I

### First Amendment as enforceable through 42 U.S.C. § 1983

50.    Plaintiffs incorporate the foregoing allegations as if set forth here.

51.    Michigan's state residency requirement for petition circulators, codified at MICH. COMP. L. § 168.544c(3), violates the First Amendment to the Constitution of the United States, both on its face and as applied to Plaintiffs.

52.    Declaratory relief is appropriate because an actual controversy has arisen and now exists between Plaintiffs and Defendants concerning Plaintiffs' rights under the First Amendment, and a declaratory judgment would settle the controversy and would serve a useful purpose in clarifying the legal relations in issue.

53.    Injunctive relief is appropriate because the First Amendment violations constitute irreparable harm to Plaintiffs, an injunction will not cause substantial harm to others, and an injunction is in the public interest.

## Count II

### Dormant Commerce Clause as enforceable through 42 U.S.C. § 1983

54.    Plaintiffs incorporate the foregoing allegations as if set forth here.

55.    Michigan's state residency requirement for petition circulators, codified at MICH. COMP. L. § 168.544c(3), violates the Dormant Commerce Clause of the Constitution of the United States, both on its face and as applied to Plaintiffs CIC, Put the Citizens in Charge, and Sherri Ferrell.

56.    Declaratory relief is appropriate because an actual controversy has arisen and now exists between Plaintiffs and Defendants concerning Plaintiffs' rights under the Dormant Commerce Clause, and a declaratory judgment would settle the controversy and would serve a useful purpose in clarifying the legal relations in issue.

57.    Injunctive relief is appropriate because the Dormant Commerce Clause violations constitute irreparable harm to Plaintiffs, an injunction will not cause substantial harm to others, and an injunction is in the public interest.

### Relief Requested

WHEREFORE, Plaintiffs respectfully request that this Court:

A.    Enter judgment in favor of Plaintiffs and against Defendants;

B.    Declare that the state residency requirement for petition circulators, codified at MICH. COMP. L. § 168.544c(3), is unconstitutional, and therefore unenforceable;

12

C.     Temporarily, preliminarily, and permanently enjoin Defendants from enforcing MICH. COMP. L. § 168.544c(3) insofar as it prohibits out-of-state residents from circulating petitions;

D.     Award Plaintiffs costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

E.     Grant or award such other relief as the Court may deem just, equitable or appropriate under the circumstances.

Respectfully submitted,

/s/ H. William Burdett, Jr.
H. William Burdett, Jr. (P63185)
Cooperating Attorney, American Civil
  Liberties Union Fund of Michigan
Boyle Burdett
14950 E. Jefferson Ave., Ste. 200
Grosse Pointe Park, MI 48230
(313) 344-4000
burdett@boyleburdett.com

/s/ Daniel S. Korobkin
Daniel S. Korobkin (P72842)
Michael J. Steinberg (P43085)
Kary L. Moss (P49759)
American Civil Liberties Union Fund
  of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org

Dated: February 9, 2014